UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Geraldine Pepenella, Individually
and on behalf of others similarly situated,

    Plaintiff,

v.

Southeastern Traffic Supply, LLC

    Defendant.
_____/

**COLLECTIVE ACTION**
**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Geraldine Pepenella, individually and on behalf of others similarly situated, (hereinafter referred to as "Plaintiff") pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), by and through her undersigned counsel and sues the Defendant, Southeastern Traffic Supply, LLC (hereinafter known as "Defendant") and alleges as follows:

**JURISDICTION AND VENUE**

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

2.    Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving

1

rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3.   At all times material herein, Plaintiff was and is a resident of Pasco County, Florida.

4.   Defendant is a Foreign corporation licensed and authorized and doing business in the State of Florida and doing business within Pasco County. At all times material Defendant was an employer as defined by the FLSA.

5.   At all times material herein, Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(l), Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

6.   At all times material, Defendant willfully violated the Fair Labor Standards Act ("FLSA").

7.   Defendant is an "enterprise" as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, or (b) has an annual gross volume of sales made or business done

that is not less than $500,000.00.

8. Alternatively, Plaintiff is covered as an individual under the FLSA because Plaintiff engaged in interstate commerce as part of his job with Defendant, 29 U.S.C. §207(a)(1).

9. Plaintiff has retained the undersigned counsel to represent her interest in this action and is obligated to pay them a reasonable fee for their services.

## **FACTS**

10. Plaintiff began working for Defendant in or around April 2020 as a Flagger.

11. In or around May 2021, Plaintiff was promoted to Crew Leader.

12. As a Crew Leader, Plaintiff was required to report to Defendant's warehouse or designated reporting location at the start of the workday.

13. Plaintiff was responsible for obtaining and operating a company vehicle, ensuring traffic control equipment was loaded, and transporting crew members and equipment from the warehouse or designated reporting locations to assigned worksites.

14. Plaintiff was also responsible for transporting personnel and equipment from the worksites back to the warehouse or designated return location at the end of the day.

15. These transportation duties were mandatory, performed at Defendant's direction, and were integral and indispensable to Plaintiff's principal work activities. Additionally, Plaintiff and crew leads were required to perform pre and post shift duties such as cleaning the trucks, refueling, taking pre and post trip photos, and bringing the truck for regular maintenance, which was not compensated.

16. Plaintiff regularly worked more than forty (40) hours in a workweek when all hours worked, including transportation time, are counted.

17. Beginning in or around late 2022 or early 2023, Defendant implemented and maintained a company-wide policy and practice of deducting approximately two (2) hours of drive time from Crew Leaders' paid hours each workday, typically one hour for morning travel and one hour for return travel, despite requiring employees to engage in pre and post shift responsibilities and to transport personnel and equipment between designated meeting sites, the warehouse and job sites.

18. This deduction policy was applied uniformly to Plaintiff and other Crew Leaders and resulted in employees not being paid for all hours worked.

19. When Plaintiff and other employees questioned the deductions, Defendant stated the time was not compensable because Defendant provided the

company vehicle and fuel, and Defendant continued the practice despite those complaints.

20. Defendant knew or should have known Plaintiff and other Crew Leaders were performing compensable work before and after this transportation time and failed to compensate them for all hours worked.

21. Defendant failed to keep accurate records of Plaintiff's time worked and failed to compensate all hours worked by Plaintiff and similarly situated employees.

22. As a result of Defendant's policies and practices, Plaintiff was not paid for all hours worked, including weeks in which she worked fewer than forty hours and weeks in which she worked more than forty hours but was denied overtime due to excluded transportation time.

23. Other Crew Leaders and similarly situated employees were subject to the same compensation policies and were likewise not paid for all hours worked.

24. Defendant's failure to compensate Plaintiff and similarly situated employees was willful and done pursuant to its uniform policies and practices.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

25. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-four (24).

26. Defendant is subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

27. Throughout her employment with Defendant, Plaintiff worked in excess of forty (40) hours per week, for which she was not compensated at the overtime rate.

28. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

29. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendant.

30. Defendant's failure to pay Plaintiff overtime at a rate not less than 1 and ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. § 207.

31. Defendant knew or had reason to know that Plaintiff performed work in excess of forty (40) hours per work week.

32. Defendant's violations of the FLSA was intentional and willful and in reckless disregard of the rights of Plaintiff. Defendant knew that it's conduct was prohibited by the FLSA and/or showed reckless disregard about whether it was.

33. As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA and has incurred reasonable attorneys' fees and costs.

34. As a result of Defendant's violations of the FLSA, Plaintiff is entitled liquidated damages.

35. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant including, but not limited to:

a. Awarding Plaintiff overtime compensation in the amount due to her for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding prejudgment interest;

d. Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Determining that the FLSA was violated and an adjudication on the merits of the case;

f. Ordering any other further relief the Court deems just and proper.

## COUNT II
## FAIR LABOR STANDARDS ACT - UNPAID OVERTIME
## (COLLECTIVE ACTION)

36. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-four (24).

37. At all times material, Defendant employed numerous individuals who were paid in a similar manner to Plaintiff. Such individuals were similarly situated to Plaintiff with respect to the terms and conditions of their employment.

38. Throughout their employment, individuals similarly situated to Plaintiff were required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

39. At all times material, Defendant failed to comply with 29 U.S.C. § 201, et seq., in that individuals similarly situated to Plaintiff worked for Defendant in excess of the maximum hours provided by law, but no provision was made by Defendant to compensate such individuals at the rate of time and one-half for hours worked in excess of forty (40).

40. Defendant's failure to pay such similarly situated individuals the required overtime pay was intentional and willful.

41. As a direct and legal consequence of Defendant's unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff individually and on behalf of others similarly situated, respectfully requests all legal and equitable relief allowed by law, including judgment against Defendant for overtime compensation, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and such other relief as the Court may deem just and proper.

## COUNT III
## UNPAID WAGES, SECTION 448.08, FLORIDA STATUTES

42. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-four (24).

43. Plaintiff earned wages over the course of her employment, which remain unpaid by Defendant. Specifically, Defendant failed to compensate Plaintiff for earned hours worked during her employment with Defendant.

44. Defendant, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, has failed and refused to make payments as required by Chapter 448.08, Florida Statutes.

45. Plaintiff has retained the undersigned counsel and is obligated to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff, individually and on behalf of others similarly situated, demand a trial by jury and judgment against Defendant for back pay, interest, attorneys' fees, and costs and for such other relief to which Plaintiff may

be justly entitled.

    Dated February 18, 2026.

                              FLORIN|GRAY

                              */s/ Troy E. Longman II*
                              Troy E. Longman II
                              Florida Bar No.: 1031921
                              tlongman@floringray.com
                              Wolfgang M. Florin
                              Florida Bar No.: 907804
                              wflorin@floringray.com
                              16524 Pointe Village Drive, Suite 100
                              Lutz, FL 33558
                              Telephone (727) 220-4000
                              Facsimile (727) 483-7942
                              *Attorneys for Plaintiffs*